UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Plaintiff,

V.                                             Case No: 2:10-CV-749-FtM-UASPC

FORT MYERS TOTAL REHAB
CENTER, INC., PETER REITER and
DAVID PITNO

    Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery in Aid of Execution (Doc. #46) filed on March 29, 2012. Defendants have failed to file a response. This matter has been closed and a consent final judgment was entered on November 30, 2011, with the Court reserving jurisdiction to determine attorney's fees, which it did on April 2, 2012. (Doc. #39, 41). On March 1, 2012, this Court granted Defense Counsel's Motion to Withdraw. (Doc. #45). Hence, Defendants are no longer represented by counsel.

In the instant Motion, Plaintiff stated that on March 6, 2012, it served Interrogatories and Request for Production on Defendants, Peter Reiter and David Pinto, in aid of execution on Nationwide's November 30, 2011 Judgment in this matter. The allotted time for objections or responses has passed and neither Defendant has served any response or produced the requested

1

documents. Nationwide asserts that it has sought to contact both Defendants in an effort to resolve this discovery dispute without Court intervention but neither Defendant responded to request for discovery compliance. As such, Nationwide seeks an Order compelling the Defendants to fully answer the Interrogatories served upon them and to produce all of the documents requested.

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located." U.S. v. Lavendar, 2009 WL 3823425 * 2 (S.D. Fla. Nov. 16, 2009) (citing Fed R. Civ. P. 60(a)(2)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

The Plaintiff served discovery upon the Defendants in aid of execution on March 6, 2012. To date the Defendants have failed to respond to the discovery.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Compel Discovery in Aid of Execution (Doc. #46) is **GRANTED**. The Defendants shall have up to and including **May 7, 2012** to respond to the Plaintiff's discovery in aid of execution.

(2) The Clerk of Court is directed to indicate on the docket sheet that Defendants Peter Reiter, 3148 Peachtree Circle, Davie, Florida, 33328-6705, and David Pinto, 4220 NE 29th Avenue, Fort Lauderdale, Florida, 33308, are proceeding *pro se*. The Clerk is also directed to provide a copy of this Order and all further pleadings and correspondence filed in this case to Mr. Reiter and Mr. Pinto at the aforementioned addresses.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th Day of April, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record