UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**NATIONWIDE MUTUAL INSURANCE COMPANY,**

    Plaintiff,

v.                                                               Case No:  2:10-cv-749-FtM-99SPC

**FORT MYERS TOTAL REHAB CENTER, INC., PETER REITER and DAVID PITNO,**

    Defendants.
_____/

## ORDER

This matter comes before the Court on Nationwide's Motion for Sanctions Against Peter Reiter, D.C. (Doc. #49) filed on September 4, 2012. The undersigned held a hearing on this matter on October 17, 2012. Attorney Robert A. Kingsford was present on behalf of Plaintiff Nationwide Mutual Insurance Company. Defendant Peter Reiter failed to appear even though directed to do so by the Court. (Doc. #53).

A consent judgment was entered in this case against Defendants on November 30, 2011 (Doc. #39) and an Order awarding additional money in attorney fees and costs was awarded on April 2, 2012 in favor of Plaintiff. (Doc. #47). The case was then closed. Since that time, Plaintiff has attempted to execute on the judgment, including discovery in aid of execution, which Defendant Reiter has failed to participate in. Attorney Kingsford informed the Court at the October 17, 2012 hearing that Defendant Reiter filed for bankruptcy the day before the hearing. See In re Reiter, Case No. 12-34784-JKO.

In light of the bankruptcy filing of Reiter, the proceedings in this case to execute on the judgment against Reiter is automatically stayed pursuant to 11 U.S.C. § 362(a)(2), which provides in pertinent part:

> A petition filed under . . . this title operates as a stay, applicable to all entities, of . . . (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of this case under this title . . .

Nevertheless, Plaintiff argued at the hearing that enforcement of this Court's Orders regarding execution of the judgment against Defendant Reiter falls within the statutory exception to the automatic stay found in § 362(b)(1), which provides that the filing of a bankruptcy petition does not operate as a stay regarding the "commencement or continuation of a criminal action or proceeding against the debtor." Plaintiff argues that Defendant Reiter should be held in criminal contempt for failing to respond to Court Orders (Docs. #48, 51, 53) to participate in discovery in aid of execution. This argument is not well taken. Any contempt order entered by this Court regarding execution of the judgment would be civil in nature. "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in ordinary civil proceeding upon notice and an opportunity to be heard." United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994); Wolfe v. Coleman, 681 F.2d 1302, 1306 (11th Cir. 1982).

Therefore, as all proceedings to execute on the judgment and attorney's fees entered in this case against Defendant Reiter were automatically stayed upon the filing of Reiter's bankruptcy petition, the pending motions are due to be denied as moot in light of the bankruptcy stay, subject to re-filing after the stay is lifted or upon further order by the Bankruptcy Court.

Accordingly, it is now

**ORDERED:**

(1) Nationwide's Motion for Sanctions Against Peter Reiter, D.C. (Doc. #49) is

**DENIED as moot**.

(2) Defendant Reiter's Letter Motion to the Court for Extension of Time (Doc. #52) is

**DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

Peter Reiter
3418 Peachtree Circle
Davie, Florida 33328-6705

Peter Reiter
Able Medical Billing
P.O. Box 11894
Fort Lauderdale, Florida 33339

3